UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

CIVIL ACTION NO. 7:07-CV-131

MARION MAYNARD, JR.,                                                   PLAINTIFF,

V.                **MEMORANDUM OPINION**
                           **AND ORDER**

DEPUTY NORMAN MINES,                                     DEFENDANT.

Pending before the Court is Defendant Deputy Mines' Motion for Fees and Costs. [R. 107]. The parties have thoroughly briefed the relevant issues, and the matter is now ripe for review. Deputy Mines' Motion for Fees and Costs [R. 107] will be denied.

FACTUAL HISTORY

This cause of action arises out of events that occurred on June 19, 2006. Plaintiff Marion Maynard, Jr. (hereinafter "Maynard") was a patron of Muncy's Appalachian Tobacco Store, an establishment in South Williamson, Kentucky. [R. 89 at 1]. Tammy Young, Maynard's sister, accompanied Maynard to the store. [Id.] Defendant, Deputy Norman Mines (hereinafter "Deputy Mines"), was also a patron at the Muncy's establishment at that time, and he was in uniform as a deputy with the Mingo County, West Virginia Sheriff's Department (hereinafter "MCSD"). [Id.]

Maynard had been drinking alcohol prior to going to Muncy's, though his sister, Young, was sober. [Id.] Around 3:03 a.m., Deputy Mines entered Muncy's to eat what was considered lunch, as Deputy Mines was working the night shift. [Id.]

Soon after Maynard entered the establishment, a confrontation arose between Maynard and Deputy Mines. [Id.] Each party provides an account of how exactly the confrontation began. Maynard describes the scene with Deputy Mines being the aggressor after overhearing Maynard

talking to another patron of the bar about Deputy Mines being a "rent-a-cop" and insinuating that Deputy Mines lacked any power to do anything to Maynard. [R. 110 at 2]. Deputy Mines' account of the event describes Maynard as the aggressor who was taunting and goading Deputy Mines' into action by telling Deputy Mines directly that he was a "rent-a-cop" who lacked any power to do anything to Maynard because they were in Kentucky and Deputy Mines worked for the MCSD in West Virginia and was, therefore, out of his jurisdiction. [R. 89 at 1-2].

Deputy Mines forced Maynard to the ground and placed him in custody. [Id. at 2.] Deputy Mines then placed Maynard into the MCSD cruiser. [Id.] Constable Worley of the Pike County Sheriff's Office eventually arrived at the scene and issued a citation charging Maynard with Alcohol Intoxication and Disorderly Conduct. [Id.]  Maynard was detained in the MCSD cruiser from between 3:13 a.m. and 3:20 a.m. until 3:31 a.m. and 3:40 a.m. [Id.].

## PROCEDURAL HISTORY

Based on the aforementioned event, Maynard filed suit against Deputy Mines in the United States District Court for the Eastern District of Kentucky. [R.1]. Maynard alleged several causes of action, including assault, battery, and infringement of his constitutional rights, privileges and immunities under the Fifth and Fourteenth Amendments to the United States Constitution. [R.1 at 2-5]. Maynard prayed for relief in the amount of Five Million Dollars and 00/100 ($5,000,000). Deputy Mines made the Offer of Judgment pursuant to Fed.R.Civ.P. 68 on October 16, 2008, but did not give any indication of how the sum ($2,500) offered was reached. [R. 107 at 4]. The case was heard by a jury, where all claims were decided in favor of Defendant Deputy Mines. [R. 106] The jury awarded no damages to Plaintiff Maynard, and final judgment was entered on November 19, 2008. [Id.].

Following the final judgment, Deputy Mines made a Motion for Attorney Fees and Costs pursuant to Rules 54 and 68 of the Federal Rules of Civil Procedure and 42 U.S.C. 1988. [R. 107 at 1].

With respect to the Motion for Costs, Deputy Mines, as the prevailing party, is relying on Rule 54 and 68 of the Federal Rules of Civil Procedure. [R. 107 at 12]. Maynard responds by arguing that Deputy Mines' Motion for Costs should be waived on both procedural and substantive grounds. [R. 110 at 5]. Maynard's argument rests on the fact that the Bill of Costs was not filed or served appropriately by Deputy Mines within the requisite time period as prescribed by LR 54.3, and as a result Maynard suffered prejudice by not being able to challenge any individual cost that was accrued. Maynard, as the losing party, was faced with the liability for the costs, but was not able to look at each individual cost for challenging purposes due to the lack of any sort of itemization. Instead, Maynard was faced with potential liability for an ambiguous sum.

Deputy Mines also makes a claim for attorney's fees under Rule 54 of Fed.R.Civ.P. and 42 U.S.C.A. § 1988. [R. 107 at 14]. Plaintiff Maynard responds by arguing that his claims had merit and that, therefore, Deputy Mines is not deserving of attorney's fees. [R. 110 at 8].

## ANALYSIS

A. *Motion for Costs*

The Court will begin by addressing Deputy Mines' Motion for Costs under Rules 54 and 68 of Fed.R.Civ.P. and the argument proposed by Plaintiff Maynard that this motion should be waived. Rule 54 provides in pertinent part:

(d) *Costs; Attorney's Fees.*

(1) *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs – other than

> attorney's fees – should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 1 day's notice. On motion served within the next 5 days, the court may review the clerk's action.

Deputy Mines also relies on Rule 68 of the Fed.R.Civ.P. in dealing with his Motion for Costs, as he made an Offer of Judgment [R. 107 at 4], which was rejected by Maynard. Rule 68 in pertinent part states:

> (b) *Unaccepted Offer*. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
>
> (d) *Paying Costs After an Unaccepted Offer.* If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

The issue here revolves around the filing of the Bill of Costs within the time period required under LR 54.3. Local Rule 54.3 states in pertinent part:

> *LR 54.3        Time for Filing Bill of Costs*
>
> The prevailing party must file a Bill of Costs with the Clerk and serve a copy of the Bill on each adverse party within thirty (30) days of entry of judgment. If the Bill of Costs is not filed within thirty (30) days, costs, other than those of the Clerk, taxable pursuant to 28 U.S.C.§ 1920, shall be waived. The Court may, on motion filed within the time for the filing of the Bill of Costs, extend the time for filing.

Final judgment was rendered on November 19, 2008. [R. 106]. Deputy Mines, therefore, had until December 19, 2008 to "file a Bill of Costs with the Clerk and serve a copy of the Bill on each adverse party within thirty (30) days of entry of judgment" as required by LR 54.3. The Bill of Costs was not filed, however, until January 9, 2009. [R. 113-2]. It is a mistake to think of these local rules as permissive guidelines rather than binding law. "Rules of practice adopted by the district courts

4

have the force and effect of law, and are binding not only upon the parties, but also upon the court which adopted them." Green Const. Co. v. Williams Form Engineering Corp. 101 F.R.D. 12, 13 (D.C.Mich.,1984); Woods Construction Co. v. Atlas Chemical Industries, Inc., 337 F.2d 888 (10th Cir.1964). Deputy Mines, therefore, had 30 days from final judgment in which to file the Bill of Costs or request an extension, neither of which occurred. The opposing party must be given the opportunity to research and object to each cost individually, not just the sum total of what is referred to ambiguously as "costs".  Even though the Offer of Judgment does not require a Bill of Costs at its filing, at some point a Bill of Costs or an itemization of the costs incurred is necessary.  The prevailing party, after having made an Offer of Judgment, cannot simply say that they are entitled to a sum of money for costs, but instead they are required to itemize their costs in order to allow the other party to challenge any of the costs that are believed to be unnecessary.

The general presumption based on Rule 54 of Fed.R.Civ.P. is that the prevailing party will be entitled to costs, but there are certain steps that must take place to ensure that the prevailing party actually receives those costs.

> Although Rule 54 of the Federal Rules of Civil Procedure endows the trial judge with considerable discretion in deciding whether to tax costs and which costs to allow, his decision is bound by statutory limits. Section 1920 of Title 28, U.S.C. (1970), states in the permissive terms of Rule 54 that "(a) judge or clerk of any court of the United States may tax . . . costs . . . ." This section, however, also contains the mandatory admonition that "(a) bill of costs shall be filed in the case . . . ." Moreover, section 1924 requires that "(b)efore any bill of costs is taxed," the party, his attorney, or his agent must verify the cost items by affidavit. Mason v. Belieu  543 F.2d 215, 222, 177 U.S.App.D.C. 68, 75 (C.A.D.C. 1976).

These requirements, as laid out in sections 1920 and 1924, are not mere formalities. [Id.].  Rule 68 allows the prevailing party to collect the costs accrued after the offer was made if the final judgment

5

was not as favorable to the offeree as the Offer of Judgment. See 12 C. Wright & A. Miller, Federal Practice and Procedure § 3002, at 57 (1973). However, "[w]ithout the bill of costs mandated by section 1920, the trial judge could not determine which costs were taxable and which costs accrued after the offer." Mason v. Belieu, 543 F.2d 215, 222 (C.A.D.C. 1976). The logic applied by the D.C. Court of Appeals is sound. Sections 1920 and 1924 of Title 28, U.S.C. (1970) both use the language "shall" instead of "may" when referencing the Bill of Costs and the accompanying affidavits. This mandatory language suggests that these steps must be followed in order for the prevailing party to obtain their costs. The trial judge, as well as the opposing party, is simply confronted with an ambiguous lump sum, which makes it extremely difficult, if not impossible, to dissect in order to determine if each individual cost was necessary. For the foregoing reasons Deputy Mines' Motion for Costs must be denied.

B. *Motion for Attorney's Fees*

Subsequently, in dealing with Deputy Mines' Motion for Attorney's Fees, this Court must consider whether Plaintiff Maynard's claims were "frivolous, unreasonable, or without foundation" Christiansburg Garment Co. v. E.E.O.C. ,434 U.S. 412, 421, (1978). In general courts are much more likely to grant attorney's fees in these civil rights cases to prevailing plaintiffs rather than to successful defendants.

> There are at least two strong equitable considerations favoring an attorney's fee award to a prevailing Title VII plaintiff that are wholly absent in the case of a Title VII defendant, *viz.* the plaintiff is Congress' chosen instrument to vindicate "a policy that Congress considered of the highest priority," Newman v. Piggie Park Enterprises, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263, and when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law. Christiansburg Garment Co. 434 U.S. 412, 412, 98 S.Ct. 694, 696 (U.S.S.C., 1978)

Despite the fact that Christiansburg was a Title VII case, the same guidelines are used to determine whether a prevailing defendant can get attorney's fees under § 1988. Com. v. Flaherty, 40 F.3d 57, 61 (3d Cir.1994); See also Hughes v. Rowe, 449 U.S. 5 (1980).

Plaintiff Maynard's claims proved to be unsuccessful at trial, however that certainly is not dispositive of the question whether his claims were frivolous. The additional protection given to unsuccessful plaintiffs in this situation is designed to promote the litigation of these civil rights claims. If attorney's fees were freely awarded to prevailing defendants, it would certainly discourage "all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." Id. at 422; see also Williams v. Kobel, 789 F.2d 463, 466 (7th Cir.1986). This hindsight logic or "post hoc reasoning" should be avoided at all costs, therefore this Court must look at the plaintiff's claims as they were filed. Christiansburg, 434 U.S. at 421-422.

In the case at hand, Maynard's claims proceeded to the jury, overcoming a Motion for Summary Judgment [R. 34]. Although this certainly does not definitively establish merit in Maynard's claims, it does help show that those claims were not utterly baseless. "Cases where findings of "frivolity" have been sustained typically have been decided in the defendant's favor on a motion for summary judgment or a Fed.R.Civ.P. 41(b) motion for involuntary dismissal." Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir.1985). This shows that generally a defendant will be successful on his or her motion for attorney's fees when the court has made a previous finding of frivolity. No such finding was made in this case.

Some Courts have applied the Christiansburg standard to say that if the plaintiff has provided no evidence to prove their claim, or if that claim has no legal basis, then the prevailing defendant can collect attorney's fees. See Tonti v. Petropoulous, 656 F.2d 212 (6th Cir. 1981). The video

evidence alone in the present action was not sufficient to establish either parties' story as the predominant one. Witness testimony alone was also not conclusive enough to say that Maynard's claims were entirely baseless or frivolous. For the foregoing reasons Defendant Deputy Mines' Motion for Attorney's Fees must be denied.

## CONCLUSION

Having considered the matter fully, and for the foregoing reasons,

IT IS HEREIN ORDERED that Deputy Mines' Motion for Costs and Attorney's Fees [R. 107] is DENIED.

Signed September 1, 2009.



Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge